

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2010

# In Re: James E. Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-2695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: James E. Murphy " (2010). *2010 Decisions.* Paper 882.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/882

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2695
_____

IN RE:  JAMES MURPHY, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Civ. No. 10-cv-01107)


_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2010

Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

Filed: July 26, 2010
_____

OPINION
_____

PER CURIAM.

James Murphy petitions for a writ of mandamus directing the District Court

to release him.  For the reasons below, we will deny the petition.

In July 2009, Murphy was convicted of drug trafficking charges.[1]  On May

_____

  [1] On June 22, 2010, Murphy was sentenced to 360 months in prison and filed a pro se
notice of appeal.

1

24, 2010, Murphy filed a habeas petition pursuant to 28 U.S.C. § 2241. The District Court dismissed the § 2241 petition by order entered May 27th, and Murphy filed a notice of appeal which was docketed at No. 10-2696. On June 9th, Murphy filed his mandamus petition in which he requested that we review the District Court's dismissal of his § 2241 petition.

A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003). Because Murphy can challenge the denial of his § 2241 petition on appeal, he has other adequate means of relief and is not entitled to a writ of mandamus.

Accordingly, we will deny the petition. Murphy's motion to stay his criminal proceedings is denied.